# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAM GWIN, JR.,

                              Petitioner,

v.

WILLIAM POLLARD,

                              Respondent.

Case No. 15-CV-1140-JPS

**ORDER**

        On February 5, 2016, the late Judge Rudolph T. Randa granted the petitioner's motion to stay this matter pending the completion of his litigation on a motion for post-conviction relief. (Docket #10). On January 13, 2017, the petitioner filed a request to end the stay. (Docket #12). He attaches decisions from Wisconsin courts denying his post-conviction motion related to the claims in the instant petition. (Docket #12-1). Though the respondent remains free to argue that there are procedural defects in the petition, the petitioner's request will be granted and this case will proceed with briefing.

        Accordingly,

        **IT IS ORDERED** that the stay imposed in this matter on February 5, 2016 (Docket #10) be and the same is hereby **LIFTED**; and

        **IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If the respondent files an answer, then the parties should abide by the following briefing schedule:

a. The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b. The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by petitioner.

c. The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3. If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge