# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAM GWIN, JR.,

                Petitioner,

v.

WILLIAM J. POLLARD,

                Respondent.

Case No. 15-CV-1140-JPS

**ORDER**

### 1. INTRODUCTION

Petitioner Sam Gwin, Jr. ("Gwin") filed a petition for writ of *habeas corpus* on September 22, 2015, and the matter was assigned to the late Judge Rudolph T. Randa. (Docket #1). On February 5, 2016, Judge Randa granted Gwin a stay of these proceedings so that he could complete his state-level litigation. (Docket #10). On January 13, 2017, this action was reassigned to this branch of the Court, and the stay was lifted on January 30, 2017. (Docket #13). Respondent filed a motion to dismiss Gwin's petition on February 24, 2017. (Docket #14). Gwin offered a response on March 27, 2017, and Respondent declined to reply. (Docket #18). For the reasons explained below, Respondent's motion must be granted because each of Gwin's claims has been procedurally defaulted.

### 2. BACKGROUND

Gwin's litigation has taken many trips to the Wisconsin Court of Appeals. That court's latest opinion provides a succinct timeline of events:

> Gwin was convicted, after a jury trial, of first-degree intentional homicide and possession of a firearm by a felon. Gwin appealed, challenging the sufficiency of the evidence. We affirmed the conviction. Gwin then filed a petition for writ

> of habeas corpus in this court, arguing that his appellate counsel was ineffective for failing to investigate and failing to present certain information to this court. We denied the writ petition in an opinion and order dated September 9, 2015, discussing each piece of information that Gwin believed his attorney should have presented. Gwin then filed a postconviction motion pursuant to Wis. Stat. § 974.06, again arguing that his appellate attorney failed to investigate and present certain information.

*State of Wisconsin v. Gwin*, No. 2016-AP-229, 2016 WL 8614301, at *1 (Wis. Ct. App. Sept. 27, 2016) (citations omitted). Prior to filing the Wis. Stat. § 974.60 motion, Gwin attempted to take his habeas corpus petition, filed pursuant to Wisconsin's *Knight* precedent, to the Wisconsin Supreme Court. *See State of Wisconsin v. Knight*, 484 N.W.2d 540, 544 (1992) (directing that claims of ineffective assistance of counsel on appeal should be raised in a habeas corpus petition filed directly with the court of appeals). Gwin's attempt failed because his request for review of the appellate decision came too late. (Docket #15-7).

Returning to Gwin's latest state court case, his Section 974.60 post-conviction motion, the Court of Appeals affirmed the circuit court's denial of that motion. As the court explained:

> The State argues in its respondent's brief that the circuit court correctly denied the motion without a hearing because Gwin's claims are barred under *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue."). The State asserts that Gwin's most recent postconviction motion simply reiterates or rephrases the same allegations he made in the habeas proceeding regarding ineffective assistance of counsel. Gwin has failed to file a reply brief. We consider this a concession that he has failed to raise any claim that was not previously

litigated. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994) (a proposition asserted by a respondent on appeal and not disputed by the appellant's reply is taken as admitted). Accordingly, we conclude that Gwin's claims are barred under *Witkowski*[.]

*Gwin*, 2016 WL 8614301, at *1. The Wisconsin Supreme Court denied Gwin's petition for review of this order on January 9, 2017. (Docket #15-12).

Gwin's petition asserts eight grounds for relief. (Docket #1 at 6-9, 13-14). Each ground is an item of evidence or testimony that Gwin believes his appellate counsel should have raised on his direct appeal. Gwin does not dispute Respondent's summary of each ground, *see* (Docket #18 at 3-4), and so the Court adopts them for convenience:

(1) Gwin testified that he struggled and fought with the victim before shooting him;
(2) Gwin's left ring finger was swollen after the shooting;
(3) a medical examiner's report showed that the victim was capable of voluntary movement, which allegedly would have undercut the evidence that the victim's body jerked as a result of being shot by Gwin;
(4) two witnesses, Cawanda Pearson and Tino Pinkston, gave conflicting testimony and did not testify that the victim was backing away from Gwin;
(5) Gwin's work supervisor could have testified that Gwin's duties as a Walgreens security guard included securing the parking lot, where the shooting occurred;
(6) an identification technician could have presented testimony about Walgreens surveillance footage not depicting the shooting;
(7) a witness, April Yvonne Eubanks, testified that she saw Gwin cocking a gun, but she did not see any shell casings eject from the gun; and
(8) a firearm and tool mark examiner could have testified that semi-automatic pistols automatically eject shell casings when fired.

(Docket #15 at 4-5).

## 3. STANDARD OF REVIEW

The federal habeas corpus statute "permits a federal court to entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(a)). "As amended by [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")], 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Id.* As a result, the Court may grant a writ of habeas corpus only if the state court's decision with respect to that claim was: (1) "contrary to . . . clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2); *see also Conner v. McBride*, 375 F.3d 643, 648-49 (7th Cir. 2004).

## 4. ANALYSIS

None of Gwin's claims survive to a review of their merits because Gwin has procedurally defaulted on all eight grounds. Procedural default generally bars habeas relief. *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). The Seventh Circuit recently provided instruction on procedural default in *Richardson*:

> Procedural defaults take several forms, but two are paradigmatic. On the one hand, a claim might be procedurally defaulted when a petitioner fails to "fairly present" his claim to the state courts, regardless of whether he initially preserved it with an objection at the trial level. To

> fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings. The complete round requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. On the other hand, a claim might be procedurally defaulted through a petitioner's initial failure to preserve it with an objection, even if the petitioner later does attempt to present it for review. "[W]hen a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (*i.e.*, because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural grounds." [*Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).]

*Richardson v. Lemke*, 745 F.3d 258, 268-69 (7th Cir. 2014) (citations omitted).

As to the first iteration, "fair presentment" requires that the petitioner fully present his federal claims to the state courts, giving the state courts a meaningful opportunity to pass on them. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006). This means that the federal claims must pass "through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Gwin must "raise [his claims] at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. This rule mandates that the claims be heard in both the intermediate and supreme appellate courts; Gwin cannot skip past the Wisconsin Court of Appeals. *Id.* at 1031.

This iteration defeats Grounds Five Through Eight. Those grounds were (at least in Gwin's mind) not raised on his direct appeal. Gwin's *Knight* petition raised only Grounds One through Four. He finally raised Grounds

Five through Eight on appeal of his Section 974.60 motion, but that does not save them from procedural default. As shown by the quotation above, Respondent argued that Grounds Five through Eight simply rehashed the same facts underlying Grounds One through Four. *Gwin*, 2016 WL 8614301, at *1. Gwin failed to file a reply, and the Court of Appeals treated that as a concession of the point. *Id.* Gwin's case was dismissed because he failed to raise any new, unlitigated claims. *Id.* The Wisconsin Supreme Court then denied review. (Docket #15-12).

Gwin's failure to offer a reply in the Court of Appeals dooms his instant petition. By conceding Respondent's argument, he acknowledged that Grounds Five through Eight were mere rephrasings of Grounds One through Four, which had been previously analyzed and dismissed on their merits in his *Knight* petition. In other words, Grounds Five through Eight were not, and could not, be "fairly presented" to the Wisconsin state courts because they were duplicative of Grounds One through Four. *See Bintz v. Bertrand*, 403 F.3d 859, 863-64 (7th Cir. 2005). Respondent further notes that Gwin would now be procedurally barred from raising Grounds Five through Eight, even assuming they were not truly conterminous with Grounds One through Four. *See State of Wisconsin v. Allen*, 786 N.W.2d 124, 135 (Wis. 2010).

As to the second form of procedural default, "[w]hen the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed." *Miranda v. Leibach*, 394 F.3d 984, 991 (7th Cir. 2005). This generally arises when "the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the federal claim." *Id.* at 991-92. A

state ground is "independent" when it is actually relied on by the state court in deciding the claim, and is "adequate" when the ground is applied "in a consistent and principled way." *Id.* at 992; *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010).

Grounds One through Four do not survive this form of procedural default. Gwin raised these grounds in his *Knight* petition, which the Court of Appeals subsequently analyzed on its merits and denied. Gwin then attempted, and failed, to properly seek review of that decision from the Wisconsin Supreme Court. Specifically, instead of filing a petition for review, Gwin submitted a letter to the Wisconsin Supreme Court requesting an extension of time to do so. (Docket #15-6). The Wisconsin Supreme Court then dismissed Gwin's appeal on two procedural bases. First, it could not grant the requested extension of time, because the period for filing a petition for review cannot be enlarged. (Docket #15-7). Second, the letter could not "be construed as a timely but nonconforming petition for review" because the letter itself was filed beyond the petition deadline. *Id.* Thus, Grounds One through Four were rejected for procedural infirmities and never made it to substantive review by the Wisconsin Supreme Court. *See Buelow v. Dickey*, 847 F.2d 420, 424-25 (7th Cir. 1988) (rejecting a petition for review as untimely is an adequate and independent state law ground).

The reader may note that the Court has not yet addressed any of Gwin's arguments opposing Respondent's motion. This is because they are largely non-existent. Gwin's four-page response document includes less than one page's worth of anything approaching a substantive argument. *See* (Docket #18 at 3-4). Even within that portion of his brief, Gwin simply repeats, in various conclusory ways, that he has exhausted his state court

remedies, while citing no law or portions of the record. *Id.* Excusing Gwin's confusion between exhaustion of state remedies and procedural default, he raises no meaningful arguments to oppose any of Respondent's assertions.

Finally, Gwin's procedural defaults may have been excused if he could establish equitable grounds therefore. These include proving "[1] cause for and prejudice stemming from that default, or, . . . [2] that the denial of relief will result in a miscarriage of justice[.]" *Blackmon v. Williams*, 823 F.3d 1088, 1099 (7th Cir. 2016). Despite these grounds being raised in Respondent's opening brief, (Docket #15 at 5-12), Gwin makes no attempt to raise them in his response, *see generally* (Docket #18). The Court will not do so for him.

5. **CONCLUSION**

For the reasons stated above, Respondent's motion to dismiss must be granted. Still, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Gwin must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable

jurists would not debate whether the petition should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Gwin's petition.

Finally, the Court closes with some information about the actions that Gwin may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent William J. Pollard's motion to dismiss (Docket #14) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Sam Gwin, Jr.'s petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the Petitioner Sam Gwin, Jr.'s petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge